COX, Circuit Judge, concurring in part and dissenting in part:
I concur in the court’s opinion rejecting Reynolds’s claim of constitutional error at the pre-trial stage of his case. But I dissent from the court’s conclusion that there was constitutional error at the post-trial stage of the case. I would remand the post-trial claim to the district court for appropriate fact-finding.
The magistrate judge, despite recommending that Reynolds’s application be denied, made no findings of historical fact regarding Hankins’s post-trial representation or whether his post-trial performance was hampered by a conflict of interest. While the district court rejected Reynolds’s post-trial claim, adopting the magistrate judge’s conclusion that Reynolds had failed to carry his burden of proving either that his attorney had an actual conflict or that his performance was adversely affected by such a conflict, the court did not engage in further fact-finding.
What Hankins failed to do post-trial that he ought to have done, and why he failed to do it, are questions of fact — not questions of law, see Porter v. Singletary, 14 F.3d 554, 561 (11th Cir.1994) — and fact-finding is the job of the district court. Today’s court, ignoring this principle, proceeds to find the historical facts and grant relief.
The court finds “adverse effect” from Hankins conflict in his failure to make two *1349 arguments in support of Reynolds’s motion for a new trial. No remand is necessary, the court concludes, because the facts are “clear.” The facts, however, are not clear to me.
It is always reasonable strategy, I suppose, to file a motion for a new trial in a criminal case. But the arguments the court finds that Hankins should have advanced do not possess much substance. See Freund v. Butterworth, 165 F.3d 839, 860 (11th Cir.1999) (en banc) (alternative strategy must possess sufficient substance to be a viable alternative). There were only two defendants on trial, and an argument that the jury did not properly distinguish the two defendants in this case would not impress a trial judge. Similarly, an argument that Reynolds should get a new trial because Curtis and his mother perjured themselves in an unsuccessful attempt to exculpate Curtis is also lacking in substance. So, the facts are not so clear to me, and the proper disposition of this appeal in my view is to vacate the judgment denying relief on the post-trial claim and remand to the district court for appropriate fact-finding.